IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA



| United States of America | |
|---|---|
| vs. | Case No. 3:21-mj-00245-MMS |
| Kirt Sainila Filoialii (DOB: 04/03/1979) | **Filed Under Seal** |

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND WARRANT FOR ARREST

I, Alan Skaggs, being duly sworn, hereby depose and state the following:

## INTRODUCTION AND TASK FORCE OFFICER BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint and an arrest warrant for KIRT SAINILA FILOIALII (hereinafter "SUBJECT"). An investigation into a State of Alaska domestic violence case revealed there is probable cause to believe that the SUBJECT knowingly and willfully possessed a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of sections 922(g)(1) and 924(a)(2) of Title 18 of the United States Code; and that he knowingly possessed with intent to distribute a controlled substance in violation of section 841(a)(1) of Title 21 of the United States Code.

2. I have been a law enforcement officer with the Anchorage Police Department (APD) since December of 2003. I have been assigned as a Task Force Officer (TFO) in the Federal Bureau of Investigation's (FBI) Safe Streets Task Force since March of 2015 in Anchorage, Alaska. I have been deputized as a federal officer for

this assignment. During this assignment, I have focused on the investigation of drug, violent gang, criminal enterprises, bank robberies, human trafficking, and weapons violations. I have become familiar with the methods commonly used by drug traffickers in Alaska. I have also been involved in the investigation and prosecution of cases involving violations of Title 21 and Title 18 of the United States Code. This includes conducting and participating in search warrants and arrest warrants for people involved in federal crimes and criminal enterprises.

3. I make this affidavit based upon personal knowledge and in part on information provided to me during discussions with law enforcement personnel from the APD that participated in this investigation, including my review of police reports related to this investigation. Because this affidavit is being submitted for the limited purpose of supporting the charges contained in the complaint and securing an arrest warrant, I have not set forth each and every fact known to me regarding this matter.

## RELEVANT STATUTES

4. The relevant statutory authority and terms used in this affidavit and its attachments are described and defined below. The following statutes are relevant to this application:

   a. The Gun Control Act at 18 U.S.C. § 922(g)(1) states in relevant part as follows:

   > It shall be unlawful for any person . . .who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or

ammunition which has been shipped or transported in interstate or foreign commerce.

b.  21 U.S.C. § 841(a)(1) states as follows:

[I]t shall be unlawful for any person knowingly or intentionally. . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]

## PROBABLE CAUSE

5.  On April 17, 2021, the APD Homicide unit began investigating a domestic violence case involving kidnapping and felony assault with a weapon. Officers contacted the victim at the Alaska Native Medical Center (ANMC) where she was receiving medical care. The victim had two black eyes, bruises all over her face and body, a broken arm in a sling, and subconjunctival bleeding in her eyes. She conveyed that SUBJECT repeatedly hit her with a bar until she went unconscious. She recalled waking up to SUBJECT choking her. She remembered going unconscious and waking up several times. Victim further reported SUBJECT had fired a gun twice at her but missing. Victim relayed this was not the first incident of assault in their one-month relationship.

6.  Following the assault, victim reported that SUBJECT refused to let her leave the residence. Victim reported SUBJECT removed the door handle from the bedroom where she was locked in. After several days SUBJECT then dropped victim off at the ANMC emergency room.

7.  Victim stated she and SUBJECT were in a dating relationship. Victim also self-reported that she had been doing drugs at or near the time of the latest assault.

AB 20210422

8. Based on their investigation, APD Officers established that SUBJECT had committed state criminal violations, and probable cause was thereafter established to arrest SUBJECT on multiple felony charges.

9. On April 18, 2021, APD officers went to 6219 Petersburg to attempt to contact SUBJECT. Officers observed SUBJECT walk out and get into a Dodge sedan with Alaska license plate KDL553. A check of the Alaska department of motor vehicle's show the vehicle is registered to SUBJECT.

10. APD officers arrested SUBJECT without incident. Officers who took custody of SUBJECT then located a small digital scale on SUBJECT with what appeared to be drug residue on the scale. SUBJECT also had approximately $16,349.00 in U.S. currency on him.

11. APD officers obtained three State of Alaska search warrants for the SUBJECT's vehicle, person, and residence, which were all obtained in reference to the kidnapping and assault case SUBJECT was arrested for.

12. APD detectives searched the SUBJECT's Dodge and located a zippered case on the driver's side floorboard of the vehicle. Inside the case was suspected heroin and methamphetamine which was seized.

13. The heroin was packaged in six zip lock baggies and the substance in the bag field tested positive for heroin. The total weight of the six bags was approximately 314.7 grams.

14. The other substance field tested positive for methamphetamine and weight approximately 11.7 grams.

15. On the passenger seat of the vehicle was a bag which contained a 10mm Glock handgun with serial number AZH904.

16. APD detectives searched the SUBJECT's residence and located the following:

   a. Sig Sauer P226 9mm pistol, serial number U484418, located in an unlocked, open safe. The safe also contained documents with SUBJECT's name on them. This firearm was reported stolen in APD report 19-39106.

   b. .40 caliber ammunition on a bedroom floor next to the nightstand. The bedroom had indicia and paperwork belonging to SUBJECT.

   c. a Mac-10 type of firearm was located in the living room area with partial serial numbers 89-XXX325.

17. A check of the Alaska Public Safety Information Network shows that SUBJECT has prior convictions in the State of Alaska that was punishable by imprisonment for a term exceeding one year those convictions, as follows:

   a. 12/28/2012 - Misconduct Involving a Controlled Substance in the Second Degree

   b. 12/28/2012 - Misconduct with Weapons, Felon in Possession

   c. 12/28/2012 - Felony DUI

   d. 12/28/2012 - Misconduct with Weapons, Felon in Possession

   e. 02/13/2004 - Felony Refusal of a chemical test

   f. 07/20/2001 - Felony DUI



        g.        07/20/2001- Burglary in the First Degree

    18.    Based on your affiant's training and experience, the presence of narcotics, such as heroin and methamphetamine, packaged in separate bags along with the presence of a firearm in a vehicle, with the driver (i.e. the SUBJECT) possessing a scale and large sums of U.S. currency (i.e. $16,449.00) on his person indicates to me that the SUBJECT is involved in the sale and/or distribution of narcotics. The victim of the assault further reported to officers that SUBJECT is a drug dealer.

    19.    Based upon the foregoing information, the locations and indicia connected to the SUBJECT, I have further probable cause to believe that SUBJECT knowingly and willfully possessed multiple firearms, including (1) a 10mm Glock with serial number AZH904; (2) Sig Sauer P226 9mm pistol withserial number U484418; (3) Mac-10 type gun with serial number 89-XXX325; and (4) .40 caliber ammunition after the SUBJECT had been convicted of crimes punishable by imprisonment for a term exceeding one year, as listed above, and all in violation of 18 U.SC. §§ 922(g)(1) and 924(a)(2).

    20.    Moreover, based on the foregoing information, I have further probable cause to believe that SUBJECT knowingly possessed the heroin and methamphetamine with intent to distribute these controlled substances in violation of 21 U.S.C. § 841(a)(1).

//
//
//
//
//



## CONCLUSION

21. For the foregoing reasons, I submit that there is probable cause to believe that KIRT SAINILA FILOIALII has committed violations of 18 U.SC. §§ 922(g)(1) and 924(a)(2); and 21 U.S.C. § 841(a)(1).

Respectfully Submitted,

_____
Task Force Officer Alan Skaggs
FBI Safe Streets Task Force

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on:
Apr 22, 2021

_____
United States District Judge
District of Alaska